**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AZAEL D. PERALES,<br><br>               Plaintiff,<br><br>    v.<br><br>119th U.S. House of Representatives,<br><br>               Defendant. | Case No. 26-cv-2195 (JMC) |

**MEMORANDUM OPINION**

Pro se Plaintiff Azael Perales filed a civil complaint against the U.S. House of Representatives. ECF 1.[1] For the reasons discussed below, the Court **DISMISSES** Perales' complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

Rule 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "'[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material' will patently fail the Rule's standard." *Jiggetts v. District of Columbia*, 319 F.R.D. 408 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

(D.D.C. 2013)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

Additionally, it is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . ." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* In such cases, a district court may dismiss the case *sua sponte. See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Perales' complaint is neither plain nor concise, and his allegations fall squarely in the "fanciful" category. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The complaint and its accompanying attachments run more than 200 pages. *See* ECF 1. While the complaint is difficult to follow, Perales accuses the House of Representatives of torturing him and "causing bodily injury such as ongoing muscle spasms causing swelling in my feet, ankles, back, legs, stomach." ECF 1 at 1. He also alleges that they have "arbitrarily emit[ted] violent electrical prods" to his body and used "powerful and dangerous radio signals" on his brain. *Id.* He also accuses the members of the House of a litany of

crimes, including conspiracy to defraud the United States, *id.* at 4, bank fraud, *id.* at 6, and possession of firearms in federal facilities, *id.* at 7.

Even construing the complaint and accompanying documents liberally, the Court is unable to discern the substance of Perales' claims. His complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

\* \* \*

"Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). However, because "the plaintiff has shown that he is no stranger to the courts, having filed [several] previous lawsuits akin to this one,"[2] *id.*, the Court instead finds it appropriate to **DISMISS** this case without prejudice. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: June 30, 2026

---

[2] The attachments to the complaint indicate that Perales has previously filed lawsuits in the District of New Jersey, ECF 1-2 at 23, the Eastern District of Pennsylvania, *id.* at 30, the District of Delaware, *id.* at 37, the Southern District of Indiana, *id.* at 62, and more. He has also previously filed multiple suits in this district. *See, e.g.*, *Perales v. United States of America*, No. 19-cv-634; *Perales v. FBI*, No. 19-cv-3315; *Perales v. Office of the Clerk*, 25cv2644.